UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY BARR,<br><br>                              Plaintiff,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>                              Defendants. | Case No.:  19cv1887-MMA-MDD<br><br>**ORDER DENYING JOINT MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY**<br><br>[ECF No. 22] |

On January 11, 2021, the parties filed a joint motion to extend discovery deadlines in the above-captioned case.  (ECF No. 22).  A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted).  "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification . . . .  If that party was not diligent, the inquiry should end."  *Id.* (citation omitted).

Discovery in this case commenced on November 26, 2019.  (ECF No. 6).  Originally, discovery was to end on May 18, 2020.  (*Id.* at 2).  However, the parties filed four motions to extend the discovery deadline to January 11, 2021.  (ECF Nos. 9, 11, 13, 17).  The parties requested additional time due to

challenges caused by the Covid-19 pandemic and illness of counsel. (ECF Nos. 9, 11, 13, 17, 22). In support of the instant fifth request, the parties explain that they have completed expert disclosures, expert rebuttal disclosures, three sets of written discovery, and three depositions. (ECF No. 22 at 4). The parties further explain that they need to take six more depositions. (*Id.*). Scheduling these depositions is complicated by Plaintiff's counsel's recent Covid-19 diagnosis. (*Id.*).

The Court has been flexible with these requests, but twice warned the parties that no further extensions would be granted absent extraordinary circumstances. (ECF Nos. 14, 18). Considering the Court's earlier warnings, the Court finds that the parties have not shown diligence. Defense counsel's law firm has over thirty attorneys listed on the law firm's website for the Los Angeles location and Plaintiff's counsel's law firm has three attorneys listed on the law firm's website. The parties have had over a year to schedule depositions via remote means in light of the Covid-19 pandemic and despite illness of lead counsel for either party. Further, Plaintiff's counsel's recent diagnosis does not explain why six depositions were not scheduled since the last request in October to continue deadlines. Finally, the parties chose to file the instant motion at 10:24 p.m. on the date discovery was scheduled to close even though the parties must have known that six depositions had not been scheduled well in advance of that date. Accordingly, the Court **DENIES** the parties' joint motion.

**IT IS SO ORDERED**.

Dated: January 11, 2021

Hon. Mitchell D. Dembin
United States Magistrate Judge