**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NANCY BARR,<br><br>                              Plaintiff,<br>v.<br>LABORATORY CORPORATION OF AMERICA HOLDINGS, et al.,<br><br>                              Defendants. | Case No.:  19-cv-1887-MMA (MDD)<br>**ORDER RE: PLANTIFF'S MOTIONS TO SEAL**<br>[Doc. Nos. 35 & 42] |

On May 10, 2021, Plaintiff filed a motion to file exhibits in support of her opposition to Defendant's summary judgment motion under seal ("First Motion").  *See* Doc. No. 35.  Plaintiff's sole basis for sealing the exhibits was "pursuant to the Protective Order in this case."  Doc. No. 35 at 1.  As the Court explained in its interim order, there was no protective order.  *See* Doc. No. 39.  Accordingly, the Court directed Plaintiff to file supplemental briefing.  *See id.*

Thereafter, the parties filed a joint motion for a protective order, *see* Doc. No. 40, which Magistrate Judge Dembin granted, *see* Doc. No. 41 (the "Protective Order").  It is unclear why the parties sought a Rule 26 Protective Order at this juncture.  Discovery closed nearly three months ago.  *See* Doc. No. 25.  Moreover, Plaintiff did not submit

additional briefing as directed. Instead, she filed a "supplemental" motion to seal ("Second Motion"). *See* Doc. No. 42.

It is also entirely unclear what documents Plaintiff wishes to file under seal. Through the First Motion, Plaintiff requests to file under seal "all Exhibits" in support of her opposition. Doc. No. 35 at 1. Her exhibits—contained in Doc. Nos. 36, 37, and 38— contain over 500 pages of documents that are not continuously numbered: Doc. No. 36 attaches documents labeled exhibits 1–5 and 7–11; Doc. No. 37 attaches a separate amalgamation of documents labeled exhibits 1–17; and Doc. No. 38 attaches a document identified as exhibit 6. As to the Second Motion, Plaintiff attaches a third compilation of over 500 pages of documents labeled exhibits 1–11. *See* Doc. Nos. 42-1, 42-2. Despite attaching a new set of eleven exhibits to the Second Motion, however, Plaintiff asks to seal exhibits 2, 3, 5, 6, 8, 9, 11, 15, 16, and 17 as well as "several pages of testimony." Doc. No. 42 at 2. Moreover, many of these exhibits are not acceptable for filing. For example, Plaintiff attaches numerous pages of deposition transcripts embedded within various letters and email chains. *See, e.g.*, Doc. No. 42-2 at 384. This is entirely inappropriate.

Nonetheless, the Court has reviewed all documents, considered the merits, and finds that Plaintiff fails to demonstrate why she is entitled to file nearly 1,000 pages of documents under seal in their entirety. To the extent she sought the ex post facto Protective Order to satisfy her burden, her reliance is misplaced. Rule 26 protective orders do not inherently demonstrate a compelling reason to file documents under seal or otherwise obfuscate the need to seek Court approval to do so pursuant to Rule 5.2. By its own language, the Protective Order does not state that certain documents may or must be filed under seal simply by virtue of being designated confidential by the parties. Instead, it indicates that "the party seeking to file such material *must seek permission* of the Court to file the material under seal. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal." Doc. No. 41 (emphasis added).

That said, the Court agrees that the "specimen mix-up" patient's name should remain confidential to protect her medical information and privacy.  Doc. No. 42. at 1–2.  However, Plaintiff does not explain why all documents must be sealed *in their entirety* on this basis alone.  Many of the exhibits do not contain the patient's name.  Moreover, the ones that do are certainly not littered with it.  Instead, it would be more appropriate to simply redact this information, which as Plaintiff indicates, is an acceptable alternative. *See id.* at 2.

Accordingly, Plaintiff fails to establish a compelling reason to overcome the strong presumption in favor of the general right to public access.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978); *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The Court therefore **DENIES** the First Motion in its entirety.  The Court further **DENIES** in part the Second Motion and **GRANTS** Plaintiff's alternate request to file redacted versions of her exhibits.  The Court **DIRECTS** the Clerk of Court to **STRIKE** Doc. Nos. 36, 37, 38, 42-1, and 42-2 from the docket.

Finally, the Court **DIRECTS** Plaintiff to file appropriately labelled, authenticated, and redacted versions of her exhibits, on or before **June 21, 2021**.  For the reasons explained above, the Court does not accept any exhibits filed to date as evidence in support of her opposition.  Should Plaintiff fail to comply with this Order, the Court will not accept any further evidence.

**IT IS SO ORDERED.**

Dated:  June 17, 2021

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge