# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY BARR,<br><br>                              Plaintiff,<br>v.<br>LABORATORY CORPORATION OF AMERICA HOLDINGS, et al.,<br><br>                              Defendants. | Case No.: 19-cv-1887-MMA (MDD)<br><br>**NOTICE AND ORDER REQUIRING SUPPLEMENTAL BRIEFING RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 26] |

On March 22, 2021, Defendant Laboratory Corporation of America Holdings ("Labcorp") filed a motion for summary judgment. Labcorp seeks summary judgment on all four of Plaintiff's claims. In briefing the first cause of action—a claim for retaliation under California Labor Code § 1102.5(b)—Labcorp assumed, for the sole purpose of summary judgment, that Plaintiff was an employee of Labcorp. *See* Doc. No. 26 at 17 n.2.[1] That said, the parties dispute Plaintiff's status as an employee versus an independent contractor. *Compare id.*; *with* Doc. No. 47 at 9.

The distinction is important, and the issue is ripe for adjudication. As a threshold matter, a claim for retaliation under California Labor Code § 1102.5(b) can only be

---

[1] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

brought by an *employee* against their employer.  *See, e.g.*, *Bennett v. Rancho Cal. Water Dist.*, 35 Cal. App. 5th 908, 921 (2019) (explaining that a "prerequisite to asserting a violation of Labor Code section 1102.5 is the existence of an employer-employee relationship at the time the allegedly retaliatory action occurred") (internal citation and quotation marks omitted).  Whether a person is an employee or an independent contractor—when the underlying facts concerning the relationship are undisputed—is a question of law.  *See Alexander v. FedEx Ground Package Sys.*, 765 F.3d 981, 988 (9th Cir. 2014); *see also Ruiz v. Affinity Logistics Corp.*, 754 F.3d 1093, 1099 (9th Cir. 2014) (citing *S.G. Borello & Sons, Inc. v. Dep't of Industrial Relations*, 48 Cal. 3d 341 (1989).

      Having reviewed the parties' briefing and respective evidence, the key underlying facts regarding the nature of Plaintiff's work for Labcorp appear to be undisputed, *i.e.*, the terms of the services agreement, Plaintiff's responsibilities, and Labcorp's control.  The only issue is how those facts relate to the law, namely, whether Plaintiff qualifies as an employee under the *Borello* factors.  *See S. G. Borello & Sons, Inc. v. Dep't of Indus. Relations*, 48 Cal. 3d 341, 354 (1989).  Presumably due to Defendant's limited concession regarding Plaintiff's status, the parties have not briefed this issue.

      Accordingly, the Court concludes that supplemental briefing is warranted and **DIRECTS** the parties to file supplemental briefs, not to exceed ten (10) pages, on the sole issue of Plaintiff's status as an employee or independent contractor, on or before **August 13, 2021**.  The Court will not accept additional evidence and the parties are directed to rely on and provide accurate citations to the evidence previously submitted on summary judgment.

      **IT IS SO ORDERED.**

Dated:  August 5, 2021

HON. MICHAEL M. ANELLO
United States District Judge